UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES R. RECKER, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04-cv-2037-WTL-DFH |
| | ) | |
| CENTRAL COLLECTION | ) | |
| BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, Central Collection Bureau, Inc., moves for summary judgment on the grounds that it did not violate the Fair Debt Collection Practices Act (FDCPA) as a matter of law. Plaintiff, James R. Recker, II, moves for summary judgment on the grounds that Central Collection Bureau, Inc., did violate the FDCPA as a matter of law. For the reasons set forth below, this Court **DENIES** Defendant's Motion and **GRANTS** Plaintiff's Motion.

**I.      Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "genuine" where the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In determining whether a genuine issue exists, the court must view the record and all reasonable inferences in the light most favorable to the nonmoving party. *National Soffit &*

*Escutcheons, Inc. v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996). While the moving party bears the burden of demonstrating the "absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986), the nonmoving party may not simply rest on the pleadings, but must affirmatively demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Id.* at 324. If the nonmoving party fails to make a sufficient showing on an issue for which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *Ripberger v. Western Ohio Pizza, Inc.,* 908 F. Supp. 614, 617 (S.D. Ind. 1995) (*citing Celotex Corp.,* 477 U.S. at 323).

**II.     Facts**

1. On November 9, 2004, Defendant sent a debt collection letter to Plaintiff in order to collect an alleged consumer debt in the amount of $2,120.27 on behalf of St. Vincent Hospital. (Pl.'s Ex. 2 - *November 9, 2004 Debt Collection Letter*.)

2. On November 13, 2004, Plaintiff sent Defendant a letter via certified mail which stated: 1) that pursuant to the FDCPA, Plaintiff was disputing the validity of the debt, and 2) that Plaintiff did not wish to be contacted further by the Defendant. (Pl.'s Ex. 1 - *November 13, 2004 Letter to Central Collection Bureau, Inc.*.)

3. Defendant did not communicate further with Plaintiff until December 7, 2004, when Defendant filed suit for collection of the alleged debt in the Perry Township Small Claims Court in Marion County, Indiana. (Def.'s Ex. A at 1 - *Notice of Claim.)*

4. Defendant attached documentation for verification of the alleged debt to the small claims notice. The documentation included a computer generated itemized statement of the alleged debt and two copies of executed contracts ("Consent: Information - Records -

Treatment - Financial Responsibility") allegedly signed by the Plaintiff. (Def.'s Ex. A at 2 - *Itemized Statement*; Def.'s Ex. A at 3-4 - *Consent: Information - Records - Treatment - Financial Responsibility*.)

5. Plaintiff's Complaint for Damages was filed on December 15, 2004.

### III. Discussion

Plaintiff contends that Defendant violated the FDCPA because it failed to provide verification of the disputed debt. Defendant contends that the itemized statement and two executed contracts attached to the small claims noticed provided sufficient verification under the FDCPA. First, this Court must determine whether an itemized statement and executed contracts are a sufficient form of verification. Second, this Court must determine whether attaching verification to a lawsuit is a sufficient method of providing verification.

### A. Do executed contracts in combination with an itemized statement provide a sufficient form of verification under the FDCPA?

The Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692-1692o (West 1998), was enacted to address abusive debt collection practices. § 1692(e). The FDCPA requires debt collectors to send consumers written notice of the amount of the debt, the name of the creditor, and the right to dispute the validity of the debt within thirty days of receipt of the notice. § 1692g(a). If a debtor notifies the collector in writing that he is disputing the debt then, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the

debt" and mails the verification to the consumer.  § 1692g(b).[1]

While the FDCPA does not specify verification requirements, many courts have found that computerized printouts can provide sufficient verification.  In *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991), the Court held that computerized printouts were sufficient verification because they informed the debtor of the amounts of his debts, the services provided, and the dates on which the debts were incurred.   The Fourth Circuit, relying on *Graziano*, defined verification as, "nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed . . . . There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt."  *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999).  This court, in *Monsewicz v. Unterberg & Assocs., P.C.*, 1:03-CV-01062-JDT-TAB, 2005 U.S. Dist. LEXIS 5435, at *15 (S.D. Ind. Jan. 25, 2005), agreed with *Chaudhry* and *Graziano* that computerized printouts could be sufficient verification.

Here, the form of the verification was sufficient because it informed the Plaintiff of the debt amount, the services provided, and the dates the debts were incurred.  Verification was provided via a computer printout and executed contract copies.  (Def.'s Ex. A).  The computer printout listed the total amount of the debt as well as itemized totals of the principal, interest, and court costs.  The executed contract copies identified the original creditor and the dates of service.  Additionally, the verification does not need to be itemized further because detailed evidence of the debt is not required.  Because the form of the verification was sufficient, the following

---

[1] Plaintiff contends that Defendant failed to provide verification of the disputed debt within thirty days. (Pl.'s Complaint ¶ 6).  However, under the FDCPA the thirty day requirement applies to the time period that the debtor has to dispute the debt in writing.  No time constraint is placed on the amount of time the debt collector has to provide verification; the debt collector must only cease collection of the debt until the verification is provided.  § 1692g(b).

discussion considers whether the method of providing verification was sufficient.

### B. Does attaching verification to a small claims notice constitute a sufficient method of providing verification under the FDCPA?

The FDCPA requires that once a debt has been disputed in writing, the debt collector must cease all collection activities until the collector has obtained verification and mailed it to the debtor. § 1692g(b). Consequently, when a debt is disputed a collector has two options: 1) to provide verification and then resume collection activities or 2) to cease all collection activities. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997).

Courts have found that both filing a new lawsuit and continuing an existing lawsuit without providing requested verification violates § 1692g(b). Regarding existing lawsuits, the Seventh Circuit Court of Appeals observed, "[t]he debt collector is perfectly free to sue within [the thirty-day verification period]; he just must cease his efforts at collection during the interval between being asked for verification of the debt and mailing the verification to the debtor." *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997). *See Durkin v. Equifax Check Servs., Inc.,* 406 F.3d 410, 416 n.5 (7th Cir. 2004) (stating that a debt collector is free to bring a lawsuit within the validation period but must suspend its collection if the debtor disputes the debt); *Anderson v. Frederick J. Hanna & Assocs.*, 361 F. Supp. 2d 1379, 1383 (N.D. Ga. 2005) (holding that because a lawsuit was a collection activity, a debt collector could not bring a lawsuit without first providing verification).

Whereas courts have found that collection activities without prior verification violate § 1692g(b), the question of whether collection activities with simultaneous verification violate § 1692g(b) is one of first impression. Reading the FDCPA to require that the verification be complete prior to resuming collection activities comports with the plain language of the statute.

As the Seventh Circuit observed, "[w]e should not disregard plain statutory language in order to impose on the statute what we may consider a more reasonable meaning." *Jenkins v. Heintz*, 25 F.3d 536, 539 (7th Cir. 1994). The statute requires that: "the debt collector shall cease collection of the debt . . . **until** the debt collector obtains verification . . . [and the verification] is mailed to the consumer . . . ." § 1692g(b) (emphasis added). The word until signifies that sending verification is a prerequisite to resuming collection activities. Furthermore, the statute requires that the verification be mailed to the consumer; the statute does not allow the verification to instead be attached to a lawsuit.

Additionally, the purpose of verification is "to prevent collection action against the wrong person or against a debtor who has already paid. . . ." *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980). Requiring verification as a prerequisite to resuming collection activities helps ensure that collection activities are not being directed against the wrong person by giving the collector another opportunity to verify the debtor's identity and debt amount. Allowing the verification to occur simultaneously with a collection activity would remove this additional safeguard built into the statutory language.

Defendant contends that it attached the lawsuit to the notice of claim because it had no other option due to conflicting statutory provisions. In the same letter, Plaintiff both disputed the debt and requested that Defendant cease communication with him. The FDCPA provides that:

> "[i]f a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

§ 1692c(c).

Defendant reasons that if it had mailed the verification it would have been a prohibited communication under § 1692c(c). Consequently, Defendant sent the verification simultaneous with the lawsuit because it was, in Defendant's view, the only way to satisfy both § 1692g(b) and § 1692c(c). (Mem. in Sup. of Def.'s Mot. for Sum. Judg. pg. 3). Defendant relied on *Heintz v. Jenkins*, 514 U.S. 291 (1995), where the court held that the filing of a lawsuit was an allowed communication under § 1692c(c)(3). However, § 1692c(c)(3) specifically allows communication in order to notify the consumer that the collector intends to invoke a specified remedy. Defendant, instead of attaching the verification to the lawsuit itself, could have attached the verification to a letter notifying Plaintiff that Defendant intended to invoke a specified remedy. This method would have complied with the statute by allowing the verification to be mailed and provided to the debtor prior to resuming collection activities.

Alternatively, the Court, in *Heintz*, stated, "it would be odd if the Act empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt." *Heintz*, 514 U.S. at 296. The court read § 1692c(c)(3) broadly to "imply that [the exceptions] authorize the actual invocation of the remedy that the collector 'intends to invoke.'" *Id.* Similarly, a broad reading could be applied to § 1692c(c)(3) to include the communication of all items statutorily required in order to invoke a remedy. Because verification is a statutorily required activity in order to resume collection activities, verification activities could be communications allowed implicitly under exception 1692c(c)(3).

This court reads the FDCPA based on its plain language which requires a creditor to

provide verification which has been requested by the debtor within the thirty day period prior to resuming collection activities.  Because Defendant did not provide the verification prior to filing the lawsuit, Defendant's verification is insufficient under the FDCPA.  Contrary to Defendant's assertion, Defendant could have complied with both provisions § 1692g(b) and § 1692c(c) by sending the verification with a communication stating that the Defendant intended to invoke a specified remedy, namely the filing of a suit in a small claims court.  Accordingly, Defendant's Motion for Summary Judgment must be **DENIED** and Plaintiff's Motion for Summary Judgment must be **GRANTED**.

IV.     Conclusion

For the above stated reasons, **Defendant's Motion for Summary Judgment is DENIED and Plaintiff's Motion for Summary Judgment is GRANTED.  A HEARING ON DAMAGES is hereby scheduled for Thursday, November 17, 2005, at 3:00 p.m.** in Room 270 of the Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana, 46204.

ENTERED this 17th day of October, 2005.

_William T Lawrence_
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

James R. Recker
ATTORNEY AT LAW

jamesrecker@justice.com

Joseph Brian Walterman
joswalte@hotmail.com